BADALOW *v.* BOGOSOFF.

1. USURY—DEFENSE OF USURY REQUIRED TO BE ESTABLISHED BY PREPONDERANCE OF EVIDENCE ONLY.

Where, in foreclosure proceedings, defendants set up the defense of usury, it is sufficient if the usury was clearly established by a preponderance of the evidence only; they not being required to establish it beyond a reasonable doubt, or by a clear preponderance of the evidence.[1]

2. APPEAL AND ERROR—SUPREME COURT HEARS CASE ANEW—DECISION OF LOWER COURT NOT CONTROLLING.

On appeal, chancery cases are heard anew, and although guidance may be afforded by the opinion of the circuit judge it is not controlling, but the Supreme Court must

[1] Usury, 39 Cyc. p. 1055.

exercise its independent judgment upon the questions of fact presented.[2]

3. USURY—NOT ESTABLISHED BY PREPONDERANCE OF EVIDENCE.
Evidence reviewed and *held*, insufficient to establish the defense of usury by a preponderance of the evidence.[3]

Appeal from Wayne; Dunham (Major L.), J., presiding. Submitted October 24, 1924. (Docket No. 149.) Decided December 10, 1924.

Bill by Zalibeg K. Badalow against John Bogosoff and another to foreclose certain mortgages. From .a decree for plaintiff for less than amount claimed, he appeals. Reversed, and decree entered for plaintiff.

*Guy W. Moore* and *Hal P. Wilson*, for plaintiff.

*Fred H. Aldrich* and *Arnold F. Zeleznik*, for defendants.

WIEST, J. The bill herein was filed to foreclose two real estate mortgages, given by defendants, dated October 2, 1920, for $3,500, due in six months, with interest at 7% after maturity, and November 9, 1920, for $1,500, due April 2, 1921, with interest at 7% after maturity. Defendants admit giving the mortgages but claim plaintiff exacted a bonus of $500 out of the first loan and $250 out of the second, and set up the defense of usury. This issue of fact, upon which defendants had the burden of proof, was tried out and the circuit judge found the usurious charges were made and awarded plaintiff a decree of foreclosure, deducting the bonuses.

Plaintiff appealed, claiming the evidence does not support the charge of usury, and urges a holding requiring defendants to establish the defense of usury beyond a reasonable doubt, citing *Berdan* v. *School*

[2]Appeal and Error, 4 C. J. §§ 2867, 2868; [3]Usury, 39 Cyc. p. 1055.

*District,* 47 N. J. Eq. 8 (21 Atl. 40). Such is not the rule in this State; neither is clear preponderance of the evidence the rule. The usury averred must be clearly established but this means no more than by a preponderance of the evidence.

This appeal commands our independent judgment upon the questions of fact presented. We sense the guidance afforded by the opinion of the circuit judge, but we hear the case anew and cannot let decision here be controlled by the decision appealed from. The circuit-judge had the advantage of seeing the witnesses, but this was not of usual help as most of the testimony was given through interpreters. We have also an advantage in being able to compare statements of the witnesses from the printed pages before us.

It would benefit no one to recite all the testimony and note the flat contradictions appearing therein. This is not a case where some one is honestly mistaken in relating what happened. It is impossible to determine where the truth rests. We have defendants' written instruments acknowledging receipt of the amounts claimed by plaintiff, but the presumption arising therefrom is somewhat weakened by the fact that the loans were without interest up to the date of maturity and no relations between the parties appears in explanation of this except by reservations out of the sums acknowledged.

Plaintiff claims he kept out of the $3,500 loan the sum of $100 as the interest for the six months, and gave defendant $3,000 in cash and $400 in Liberty bonds. Stephano Azzoli, who was present to deed the premises to defendants and was paid $1,100 out of the money, testified that $3,000 was paid in cash to defendants and some Liberty bonds but he did not know the amount of the bonds.

May 7, 1921, defendant Bogosoff deeded his interest in the premises to defendant Arutum, reciting in the deed "free from all incumbrances whatsoever, except

a mortgage of $3,500 to Zalibeg K. Badalow as mortgagee; also excepting a mortgage of $1,500 to Zalibeg K. Badalow, which the said party of the second part hereto agrees," etc. When this deed was executed plaintiff was present and Arutum borrowed $100 of him to pay Bogosoff, gave his note therefor and stated he would pay the mortgages and the loan in ten days. There was other testimony tending to support plaintiff.

Defendants testified that only $2,200 was paid them at the time they executed the $3,500 mortgage, and some days later plaintiff gave them $800 more at a house they were building, and kept out of the first mortgage $500 and out of the second $250. They are supported in their claim that $800 was paid them at a house they were building, by the testimony of Arshak Minasian. There was also other testimony tending to support the claims of defendants. We do not think it necessary to spread on the record the similar dispute and conflict of testimony with reference to the second mortgage.

A reading of this record leaves us in doubt as to whether usury was exacted or not, and we must hold that defendants have not established the charges of usury by a preponderance of the evidence and they must, therefore, be held to abide their written obligations.

The decree in the circuit is reversed and one will be entered here in accordance with this opinion. Plaintiff will recover costs.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.